**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Vincent Mastandrea, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  10 C 4893 |
| ) | |
| Portfolio Recovery Associates, LLC, a ) | |
| Delaware limited liability company, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Vincent Mastandrea, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Vincent Mastandrea ("Mastandrea"), is a citizen of the State of New York, from whom Defendant attempted to collect a delinquent consumer debt owed for a GE Money Bank/Modells account, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant PRA operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant PRA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Mastandrea.

5. Defendant PRA is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then tries to collect via collection letters, phone calls and lawsuits.

6. Defendant PRA is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, PRA conducts extensive and substantial business in Illinois.

7. Moreover, Defendant PRA is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, PRA acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

8. Mr. Mastandrea is a disabled veteran, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a GE Money Bank/Modells account. At some point in time after that account became delinquent, Defendant PRA bought the debt. When Defendant PRA began trying to collect the GE Money Bank/Modells debt from Mr. Mastandrea, by sending him an initial form collection letter, dated

2

May 13, 2010, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant PRA's collection actions. A copy of this collection letter is attached as Exhibit C.

9. Accordingly, on June 17, 2010, one of Mr. Mastandrea's attorneys at LASPD informed PRA, in writing, that Mr. Mastandrea was represented by counsel, and directed PRA to cease contacting him, and to cease all further collection activities because Mr. Mastandrea was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

10. Nonetheless, on July 6, 2010, Defendant PRA called Mr. Mastandrea from phone number 866-428-8102 and its debt collector rudely demanded payment of the GE Money Bank/Modells debt.

11. Accordingly, on July 7, 2010, a paralegal at LASPD called Defendant PRA and confirmed with its debt collector, "Sonia Johnson", that PRA had received the representation and cease communications/collections letter. Defendant PRA's collector then demanded that Mr. Mastandrea pay the debt. In response, the LASPD paralegal reiterated that Mr. Mastandrea cannot, and will not, pay the debt.

12. Moreover, LASPD then sent Defendant PRA a letter, dated July 14, 2010, which reiterated to PRA that it must cease communications and cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

13. Defendant PRA's collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendant PRA's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd.

Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Mr. Mastandrea's agent, LASPD, told Defendant PRA to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment, Defendant PRA violated § 1692c(c) of the FDCPA.

18. Defendant PRA's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendant PRA knew that Mr. Mastandrea was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in

writing (Exhibit D), that he was represented by counsel, and had directed Defendant PRA to cease directly communicating with Mr. Mastandrea. By directly calling Mr. Mastandrea, despite being advised that he was represented by counsel, Defendant PRA violated § 1692c(a)(2) of the FDCPA.

22. Defendant PRA's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Vincent Mastandrea, prays that this Court:

1. Find that Defendant PRA's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Mastandrea, and against Defendant PRA, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Vincent Mastandrea, demands trial by jury.

    Vincent Mastandrea,

    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated: August 4, 2010

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

5